UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

MELVIN EUGENE DAVIS,

    Petitioner,

v.

SANDRA BUTLER, Warden,

    Respondent.

Civil No. 6:15-016-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Melvin Eugene Davis is an inmate confined in the Federal Correctional Institution located in Manchester, Kentucky. Proceeding *pro se*, Davis has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241, challenging the sentence imposed by the trial court in the Eastern District of Tennessee. [R. 1]. Davis claims that because one of the prior offenses used to enhance his sentence as a "career offender" under the United States Sentencing Guidelines ("U.S.S.G") § 4B1.1 no longer qualifies as a predicate offense, he should not be subjected to an enhanced sentence as a "career offender" and is entitled to be resentenced to a lesser sentence and to be released from custody.

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts(applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Davis's petition

under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Davis's factual allegations as true, and construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Even liberally construing Davis's claim, this Court cannot grant him the relief he seeks, *i.e.*, the vacation of his 262-month sentence, resentencing to a lower sentence, and release from custody. The Court will therefore deny Davis's § 2241 petition and dismiss this proceeding.

**I.**

On September 20, 2005, Davis was charged with possession with intent to distribute cocaine base, a/k/a, "crack," a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)( c). *See United States v. Melvin Eugene Davis,* No. 3:05-cr-112 (E.D. Tenn. 2005) [R. 10 therein]. Subsequently, in a superseding indictment, Davis was charged with another count of possession with intent to distribute cocaine base, a/k/a, "crack," a Schedule II controlled substance, within 1,000 feet of a public secondary school, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)( c) and 860. [*Id.*, at R. 15 therein].

Davis proceeded to a jury trial. On April 20, 2006, a jury found him guilty of both charges. [*Id.*, at R. 93 therein]. Davis was sentenced on August 31, 2006, and received a 262-month sentence of imprisonment on Count One, and a concurrent 240-month sentence on Count Two, for a total sentence of 262 months, to be followed by a six-year term of supervised release.[1] [*Id.*, at R. 111 therein]. Davis appealed, but on January 30, 2008, the Sixth Circuit Court of

---

[1] Based on two prior state court convictions, Davis received an enhanced sentenced because he qualified as a "career offender" under U.S.S.G. § 4B1.1.

2

Appeals affirmed his conviction. *United States v. Davis,* 514 F.3d 596 (6th Cir. 2008). On October 6, 2008, the United States Supreme Court denied Davis's petition for a writ of certiorari. *See Melvin E. Davis v. United States,* No. 07-10682 (U.S. October 6, 2008).

Subsequently, on June 19, 2009, Davis filed a motion in the trial court to vacate his sentence under 28 U.S.C. § 2255. *See United States v. Melvin Eugene Davis,* No. 3:05-cr-112 (E.D. Tenn. 2005) [R. 122 therein]. Davis later supplemented and amended his § 2255 motion. On September 17, 2012, the trial court denied Davis's § 2255 motion and ruled that a certificate of appealability would not issue. [*Id.*, at R. 154, 155 therein]. Davis appealed the denial of his § 2255 motion, but on May 3, 2013, the Sixth Circuit denied his application for a certificate of appealability. [*Id.*, at R. 159].

## II.

In the present § 2241 habeas petition, Davis claims that his prior state court conviction for "aggravated assault" no longer qualifies as a predicate offense on which his sentence could be enhanced under U.S.S.G. § 4B1.1.  On this premise, Davis appears to argue that the trial court erred in enhancing his sentence because he is "actually innocent" of being a "career criminal" and that he is entitled to proceed in this § 2241 petition because his remedy under § 2255 is inadequate or ineffective to test the legality of his detention.

Davis submits that it would be a miscarriage of justice and a violation of due process for him to serve an enhanced sentence as a "career offender."  Davis relies on *Persaud v. United States*, 134 S.Ct. 1023, (2014), and submits that *Persaud* necessitates examining whether the trial court's reliance on his Tennessee state court conviction for "aggravated assault" as a predicate offense that would qualify him for "career offender" status was correct.  Davis also looks to *Descamps v. United States*, 133 S.Ct. 2276 (2013), to support his argument that he was erroneously sentenced as a "career offender."

In *Persaud*, the trial court denied Persaud relief on his § 2241 petition, holding that the savings clause of § 2255(e) does not permit him to seek relief under § 2241 purely because he had challenged his sentence rather than his conviction.  On appeal, the Fourth Circuit affirmed the district court.  Persaud then filed a petition for a writ of certiorari in the U.S. Supreme Court.  In responding to his petition, the government filed a brief in support of Persaud's petition, taking the position that the district court had erred in concluding that § 2255(e)'s savings clause does not permit him to seek relief under § 2241 simply because he was challenging his sentence rather than his conviction.  The Supreme Court granted Persaud's petition for a writ of certiorari and remanded his case to the Fourth Circuit Court of Appeals for further consideration in view of the

4

government's position asserted by the Solicitor General in his brief supporting Persaud's petition for a writ of certiorari. Upon remand, the Fourth Circuit in turn remanded the case to the district court for further proceedings. *United States v. Persaud*, No. 12-8068 (4th Cir. May 7, 2014). Following remand to the district court, the docket sheet reflects that this matter is still pending before the district court. *See United States v. Persaud*, No. 3:01-cr-036-FDW (W.D.N.C. 2001) [D.E. No. 350 therein].

In *Descamps*, the Supreme Court examined whether a state-law burglary conviction was a "violent felony" within the meaning of the Armed Career Criminal Act ("ACCA"). *Descamps*, 133 S.Ct. at 2282. The Court held that when determining whether a prior conviction qualifies as a predicate offense under the ACCA, sentencing courts may not apply the "modified categorical approach" when the crime of which the defendant was convicted has a single, indivisible set of elements. *Id*. at 2282–83 (describing the differences between the "categorical approach" and the "modified categorical approach"). The Court clarified that a sentencing court "may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." 133 S.Ct. at 2293.

In view of *Persaud* and *Descamps*, Davis asserts that he is entitled to proceed with this claim in a habeas petition filed under 28 U.S.C. § 2241 because the remedy under § 2255 is inadequate and ineffective.

**III.**

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.

2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply if a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her conviction under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a defendant may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Davis submits that his previous § 2255 motion was inadequate or ineffective because *Persaud* and *Descamps*, decided after that motion was denied, support his claim that the court

unlawfully enhanced his sentence based on a prior conviction that did not qualify as a predicate offense for sentencing enhancement purposes. Since it appears that this issue in *Persaud* is still pending before the district court, there has been no final decision in *Persaud*; therefore, Davis's reliance thereon is premature.

Concerning *Descamps*, there is no indication in *Descamps* that the Supreme Court made its holding therein retroactive to cases on collateral review. However, even if *Descamps* were retroactive to cases on collateral review, it is factually distinguishable from Davis's case. *Descamps* concerns a defendant who was sentenced under the ACCA. Davis was not sentenced under the ACCA; his sentence was enhanced because he was considered a career criminal, not an Armed Career Criminal. Thus, Davis's reliance on *Descamps* is misplaced.

As to Davis's apparent claim of "actual innocence," he implies that is actually innocent of conduct that would qualify him for an enhanced sentence as a "career offender," but he is not claiming that he is factually innocent of the underlying drug offenses of which he was found guilty. In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *3 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The savings clause of § 2255(e) extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); see also *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).

Because Davis has failed to demonstrate that he is entitled to proceed under § 2241, the Court will dismiss his petition.

**IV.**

For the reasons discussed above, it is hereby **ORDERED** that:

1. Petitioner Melvin E. Davis's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

Dated June 23, 2015.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY